Fuld, J. (concurring).
Judge Desmond has so well stated the case for affirmance that it is with great reluctance that I add even these few words.
While I am in wholehearted agreement with Ms thought that “ obscenity, real, serious, not imagined or puritanically exaggerated, is today as in all the past centuries, a public evil ” (Desmond, Legal Problems in Censoring, 40 Marq. L. Rev. 38, 54; opinion, p. 246), it does not follow that the proper remedy is suppression at the “administrative level.” The evil, it seems to me, may be adequately dealt with by resort to the courts in the first instance, either by criminal prosecution (Penal Law, § 1141) or by injunctive process. (Cf. Code Crim. Pro., § 22-a; Brown v. Kingsley Books, 1 N Y 2d 177, affd. 354 U. S. 436, decided June 24, 1957.) Be that as it may, though, since tho *248 court is holding that “ The Garden of Eden ” is not “ indecent ” or “ obscene ” and that, therefore, “ there is no legal basis for censorship ” (opinion, p. 240), we are not called upon to decide the constitutionality or unconstitutionality of those sections of the Education Law which provide for the licensing of motion pictures by an administrative body. The disposition of that question must be left for decision in a case where the problem is presented.